UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------- X

CAROL GRAY and MAHNEFAH GRAY as Co-
Administrators of the ESTATE OF KIMANI GEBARRIE
GRAY,

**FIRST AMENDED
COMPLAINT**

Plaintiffs,

14-cv-2488-MKB-MDG

-against-

**Jury Trial Demanded**

THE CITY OF NEW YORK; SERGEANT MOURAD
MOURAD, SHIELD # 1539; POLICE OFFICER JOVANIEL
CORDOVA, SHIELD # 15786; POLICE OFFICER JOHN
HODER, SHIELD # 30200; HARRY SANTIAGO, SHIELD #
03465; LIEUTENANT JOSE A. ORTIZ; POLICE OFFICER
PIERO LASAPENARA, SHIELD # 07631; POLICE
OFFICER ADAM E. CONLIN, SHIELD # 07146;
EMERGENCY MEDICAL TECHNICIAN WILLIE JONES,
SHIELD # 4053; EMERGENCY MEDICAL TECHNICIAN
GLENROY GRIFFITH, SHIELD # 4106; EMERGENCY
MEDICAL TECHNICIAN HAKEEM WATKINS, SHIELD #
2814; EMERGENCY MEDICAL TECHNICIAN GREGORY
ST. CLAIR, SHIELD # 1580; and EMERGENCY MEDICAL
TECHNICIAN DAVID PIERRE, SHIELD # 1591,
the individual defendants sued individually and in their official
capacities,

Defendants.

----------------------------------------------------------------------------- X

**PRELIMINARY STATEMENT**

1.      This is an action brought, pursuant to 42 U.S.C. § 1983, the Fourth

and Fourteenth Amendments to the United States Constitution, and the laws of the State

of New York, to assert claims on behalf of the Estate of Kimani Gebarrie Gray, including

but not limited to unreasonable force; denial of medical care; failure to intervene;

implementation and continuation of an unlawful municipal policy, practice and/or

custom; wrongful death; conscious pain and suffering; assault; battery; negligence;

negligent infliction of emotional distress; intentional infliction of emotional distress; and respondeat superior liability.

2.     During the incident, Defendants City of New York, Sergeant Mourad Mourad, Shield # 1539, and Police Officer Jovaniel Cordova, Shield # 15786 used unreasonable force upon the decedent, assaulted the decedent, battered the decedent, and inflicted extreme emotional distress on the decedent by shooting and killing the decedent, without any basis, cause or justification.

3.     During the incident, Defendant City of New York and the NYPD, their agents, servants and/or employees, were careless and negligent in, among other things, their failure to properly train, monitor, manage and supervise their police officers in the use of police tactics, use of force, use of firearms and the use of deadly force, causing the decedent to be killed.

4.     During the incident, Defendant City of New York, and its agents, servants and/or employees of the NYPD and the New York City Fire Department Bureau of Emergency Medical Services ("FDNY-EMS") deliberately and/or negligently denied the decedent prompt medical treatment, which could have alleviated his pain and suffering and saved his life.

5.     Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by the decedent by unlawfully stopping individuals solely on the basis of race, by using unreasonable force on individuals solely on the basis of race, and by demonstrating deliberate indifference to the decedent's constitutional rights by failing to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retaining and utilizing

them despite being aware and on notice that the individual defendants were likely to violate the decedent's constitutional rights.

6.      During the incident, Defendant City of New York, and its agents, servants and/or employees of the NYPD and FDNY-EMS were careless and negligent, in among other things, their failure to properly supervise their agents, servants and/or employees; failing to maintain all reasonable and proper supervision so as to be able to ensure that firearms are not used without cause, justification or proper basis; failing to properly and adequately supervise and/or direct their employees on the proper manner in which to assist and provide aid to individuals who have been shot by the police and who are in need of emergency aid and more specifically the decedent; ignoring the decedent's signs, symptoms, and complaints; failing to have emergency services arrive at the scene of an emergency in a prompt and timely fashion; failing to appreciate the significance of the decedent's signs, symptoms and complaints; causing and/or allowing the death of the decedent by failing to follow standard and accepted medical and emergency care; failing to employ sufficient, efficient, competent and qualified agents, servants and/or employees; failing to exercise the degree of skill, care and diligence to which the decedent was entitled in the hiring, training and retaining of the Defendant City of New York's employees; failing to adequately supervise staff; failing to comply with the rules and regulations promulgated by the NYPD regarding use of force, deadly force, and providing medical care to injured persons and that said employees violated the internal rules, regulations, manuals, protocols and guidelines of the Defendant City of New York herein; failing to comply with the rules and regulations promulgated by the FDNY-EMS in providing medical services to injured individuals and that said employees violated the

internal rules, regulations, manuals, protocols and guidelines of the Defendant City of New York herein; and the Defendant City of New York was otherwise careless and negligent.

7.      Plaintiffs seek compensatory and punitive damages from the individual defendants, compensatory damages from Defendant City of New York, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

8.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

9.      Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their claims arising under state law.

10.      On May 8, 2013, within 90 days of the incident alleged in this complaint, the Plaintiffs served upon Defendant City of New York a Notice of Claim setting forth the name and post office address of Plaintiffs, the nature of the claim, the time when, the place where and the manner in which the claim arose and the items of damages or injuries claimed.  On February 19, 2014, the Plaintiffs served an Amended Notice of Claim upon Defendant City of New York naming the individual police officer defendants.  More than 30 days have elapsed since Plaintiffs' demands and/or claims were presented to Defendant City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

11. This action is being commenced within one year and ninety days of the date of the occurrence herein.

12. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

13. The decedent was a 16-year old African American male and citizen of the United States, living in Brooklyn, New York.

14. Plaintiffs Carol Gray, the biological mother of the decedent, and Mahnefah Gray, the biological sister of the decedent, are Co-Administrators of the Estate of Kimani Gebarrie Gray.

15. On May 7, 2013, by order of the Honorable Margarita Lopez Torres, Surrogate Judge of the Kings County Surrogate's Court, Letters of Administration were issued to Plaintiffs and Geraud Gray (the father of the decedent) with respect to the Estate of Kimani Gebarrie Gray and said letters remain in full force and effect.

16. Defendant City of New York is a municipal corporation duly organized, authorized and existing under and by virtue of the laws of the State of New York.

17. Defendant Sergeant Mourad Mourad, Shield # 1539, is a duly appointed and acting police officer employed by the NYPD and assigned to Patrol Borough Brooklyn South.

18. Defendant Police Officer Jovaniel Cordova, Shield # 15786, is a duly appointed and acting police officer employed by the NYPD and assigned to Patrol Borough Brooklyn South.

19. Police Officer John Hoder, Shield # 30200, is a duly appointed and acting police officer employed by the NYPD and assigned to the Patrol Borough Brooklyn South Anti Crime Unit.

20. Sergeant Harry Santiago, Shield # 03465, is a duly appointed and acting police officer employed by the NYPD and assigned to the Patrol Borough Brooklyn South Anti Crime Unit.

21. Lieutenant Jose A. Ortiz is a duly appointed and acting police officer employed by the NYPD and assigned to Patrol Borough Brooklyn South Anti Crime Unit.

22. Police Officer Piero Lasapenara, Shield # 07631, is a duly appointed and acting police officer employed by the NYPD and assigned to Boro Crime and at all relevant times mentioned hereunder was assigned to the 67th Precinct.

23. Police Officer Adam E. Conlin, Shield # 07146, is a duly appointed and acting police officer employed by the NYPD and assigned to Brooklyn South Boro Crime Unit.

24. Emergency Medical Technician Willie Jones, Shield # 4053, is an emergency service technician and employee and agent of the FDNY-EMS.

25. Emergency Medical Technician Glenroy Griffith, Shield # 4106, is an emergency service technician and an employee and agent of the FDNY-EMS.

26.     Emergency Medical Technician Hakeem Watkins, Shield # 2814, is an emergency service technician and an employee and agent of the FDNY-EMS.

27.     Emergency Medical Technician Gregory St. Clair, Shield # 1580, is an emergency service technician and an employee and agent of the FDNY-EMS.

28.     Emergency Medical Technician David Pierre, Shield # 1591, is an emergency service technician and an employee and agent of the FDNY-EMS.

29.     At all times relevant, the individual defendants were acting under color of state law and within the scope of their employment.

30.     The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

31.     The incident occurred on March 9, 2013, at approximately 10:50 p.m., while the decedent was in the vicinity of 475 East 52nd Street, Brooklyn, New York.

32.     At the above time and location, Defendants Sgt. Mourad Mourad and P.O. Jovaniel Cordova committed the following unlawful acts against the decedent.

33.     The decedent was walking with his friends when Defendants Sgt. Mourad and P.O. Cordova approached the group without cause, pursuant to a City of New York policy, practice and/or custom of unlawfully profiling and confronting minority men on the street.

34.     Defendants Sgt. Mourad and P.O. Cordova's aggressive behavior made the decedent fearful and apprehensive.

35.     Without cause or justification, Defendants Sgt. Mourad and P.O. Cordova shot the decedent multiples times, striking him in the body, arms, and legs.

36.     The course and direction of most of the bullets fired was from the back to the front of the decedent's body.

37.     Defendants Sgt. Mourad and P.O. Cordova did not have an objectively reasonable basis to shoot the decedent and the force was not justified by the circumstances.

38.     At no time did Sgt. Mourad and P.O. Cordova have a reasonable basis to fear for their safety or the safety of others.

39.     At no time did Sgt. Mourad and P.O. Cordova take the appropriate steps that could have avoided the harm inflicted and prevented the decedent's death.

40.     The use of force employed was excessive and unwarranted.

41.     The decedent perceived the threat to his life.

42.     The use of such force did not immediately cause the decedent's death.

43.     The decedent suffered and experienced pain and fear for a significant amount of time after he was shot.

44.     Defendants P.O. John Hoder, Sgt. Harry Santiago, Lt. Jose Oritz, P.O. Piero Lasapenara and P.O. Adam Conlin arrived at the scene while the decedent was alive and lying on the ground bleeding from his wounds.

45.     Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin ignored the decedent's signs, symptoms, complaints, and cries for help and assistance.

46.     Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin knew and saw that the decedent had been shot, was gravely injured, and required immediate medical aid.

47.     Defendants Sgt. Mourad, P.O. Cordova P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin heard the decedent's cries for help.

48.     Instead of administering medical aid to the decedent, Defendant P.O. Hoder handcuffed the decedent with his hands behind his back and to a fence, as the decedent lay on the ground shot, bleeding and crying.

49.     Instead of administering medical aid to the decedent, Defendant Sgt. Santiago, while observing the decedent's cries for help instructed Defendants P.O. Conlin and P.O. Lasaponara to take the decedent's pedigree information.

50.     Instead of administering medical aid to the decedent, Defendants P.O. Lasapenara and P.O. Conlin, while observing the decedent lying on the ground and bleeding, took the decedent's pedigree information.

51.     Instead of administering medical aid to the decedent, Defendant Lt. Ortiz, while observing the decedent laying on the ground shot and bleeding, without justification or cause focused only on the police officers at the scene, and ignored the paramount need to have the decedent taken to a hospital immediately.

52.     Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin failed to have emergency services arrive on the scene in a prompt and timely fashion.

53.     Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin failed to appreciate the significance of the

decedent's signs, symptoms and complaints, and cries for help and assistance, causing and/or allowing the decedent's pain, suffering and death.

54.     Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin interfered with and delayed the administration of emergency medical care to the decedent.

55.     Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin failed to exercise the degree of skill, care and diligence to which the decedent was entitled.

56.     Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin failed to comply with the rules and regulations promulgated by the NYPD regarding the use of force, deadly force, and providing medical care to injured persons.

57.     Defendants Emergency Medical Technicians Willie Jones, Glenroy Griffith, Hakeem Watkins, Gregory St. Clair, and David Pierre failed to timely respond after having been notified of an emergency medical situation regarding the decedent.

58.     Defendants Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair, and Pierre arrived on the scene after the shooting while the decedent was alive and lying on the ground bleeding from his wounds and in handcuffs.

59.     Defendants Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair and Pierre failed to provide prompt and adequate emergency medical care to the decedent after becoming aware of his grave injuries.

60. Defendants Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair and Pierre failed to follow standard and accepted emergency medical care.

61. Defendants Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair and Pierre failed to exercise the degree of skill, care and diligence to which the decedent was entitled.

62. Defendants Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair and Pierre did not immediately take the decedent to a hospital.

63. Instead Defendants Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair and Pierre allowed the decedent to remain on the scene when it was clear that the decedent required emergency surgery to possibly save his life.

64. At all times defendant City of New York, by the NYPD and FDNY-EMS, and their agents, servants and/or employees, carelessly, negligently and recklessly trained the individual defendants for the position of police officers and emergency medical technicians.

65. The aforesaid events are not an isolated incident.

66. Defendant City of New York is aware from its own observations, and from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board that many of the NYPD's officers, including Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin are insufficiently trained on the proper way to use force, discharge their firearms, and provide and provide emergency medical care to injured persons.

67. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights.

68. Despite such notice, City of New York has failed to take corrective action.

69. Further, Defendant City of New York was aware prior to the incident that many of the NYPD's officers, including Sgt. Mourad and P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin lack the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.

70. Despite such notice, Defendant City of New York has retained these individual defendant police officers, and failed to adequately train and supervise them.

71. At all times, Defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendant police officers.

72. At all times, Defendant City of New York, by the NYPD, was aware prior the aforesaid incident that the individual defendant police officers involved in the shooting of the decedent were insufficiently trained and incompetent concerning providing medical and emergency care, but the City declined to take remedial action.

73. At all times, defendant City of New York, by the FDNY-EMS, was aware prior the aforesaid incident that the medical technician defendants involved in providing medical care to the decedent were insufficiently trained and incompetent

concerning medical procedures, emergency medical procedures, and providing medical aid, but the City declined to take remedial action.

74.     The occurrence(s) and injuries sustained by the decedent were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the Defendants as set forth above, without provocation on the part of the decedent contributing thereto.

75.     The individual defendants acted under pretense and color of state law.

76.     At all times relevant, the individual defendants were acting pursuant to their authority as NYPD and FDNY-EMS employees.

77.     As a result of Defendants' actions the decedent suffered severe emotional distress, mental anguish, conscious pain and suffering, fear of impending death, death, loss of enjoyment of life, medical and funeral expenses, and other personal and physical injuries.

78.     The acts of Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm the decedent without regard for his well-being and were based on a lack of concern and ill-will towards the decedent.  Such acts therefore warrant an award of punitive damages.

79.     The Plaintiffs are also entitled to receive punitive damages from Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin because their actions were motivated by extreme recklessness and indifference to the decedent's rights.

## FIRST CLAIM FOR RELIEF

*(For Unreasonable Force Against the City of New York, Sgt. Mourad, P.O. Cordova and P.O. Hoder)*

80.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

81.     The individual defendants' use of force upon the decedent was objectively unreasonable.

82.     Accordingly, the defendants are liable for using unreasonable force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF

*(For Denial Of Medical Care Against All Defendants)*

83.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

84.     Defendants are liable to the decedent because they ignored the decedent's need for medical treatment for a serious physical injury, or delayed and interfered with such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

*(For Failure To Intervene Against All Defendants)*

85.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

86.     Defendants had a reasonable opportunity to prevent the violations of the decedent's constitutional rights under the Fourth and Fourteenth Amendments, but they failed to intervene.

87.     Accordingly, Defendants are liable to the decedent for failing to intervene to prevent the violation of the decedent's constitutional rights under the Fourth and Fourteenth Amendments.

## FOURTH CLAIM FOR RELIEF

*(Monell Claim Against the City of New York)*

88.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

89.     Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by the decedent by unlawfully stopping individuals solely on the basis of race, by using unreasonable force on individuals solely on the basis of race, and by demonstrating deliberate indifference to the decedent's constitutional rights by failing to properly train, retrain, supervise, discipline, and monitor Defendants Sgt. Mourad and P.O. Cordova and improperly retaining and utilizing them despite being aware and on notice that they were likely to violate the decedent's constitutional rights.

90.     The existence of the aforesaid unconstitutional policy, practice and custom of profiling minorities may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New York, et al.*, 08-cv-1034-SAS, finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

91.     Accordingly, the City of New York is liable to the Plaintiffs for violating the decedent's constitutional rights under the Fourth and Fourteenth Amendments.

## FIFTH CLAIM FOR RELIEF

*(For Conscious Pain and Suffering Against All Defendants)*

92.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

93.     Defendants Sgt. Mourad and P.O. Cordova without just cause, or provocation, used deadly physical force against the decedent.

94.     The use of such force did not immediately cause the decedent's death.

95.     As a result, the decedent suffered and experienced a fear of impending death, severe emotional distress, and conscious pain and suffering.

96.     Defendants failed to timely respond to an emergency medical situation after having been notified of an emergency medical situation regarding the decedent.

97.     Accordingly, the Defendants are liable to the Plaintiffs for the decedent's conscious pain and suffering.

## SIXTH CLAIM FOR RELIEF

*(For Wrongful Death Against All Defendants)*

98.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

99.     Defendants Sgt. Mourad and P.O. Cordova caused the death of the decedent by using deadly force against the decedent, without cause or justification, and by not providing, interfering with, and/or delaying medical treatment to the decedent.

100.     Defendants P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin and Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair, and Pierre caused the death of the decedent by, without cause or justification, not providing, interfering with, and/or delaying medical treatment to the decedent

101.     Said actions render the Defendants liable to the Plaintiffs for the wrongful death of the decedent pursuant to the New York state law.

## SEVENTH CLAIM FOR RELIEF

*(For Assault Against the City of New York, Sgt. Mourad, P.O. Cordova and P.O. Hoder)*

102.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

103.     As described above, the actions of Sgt. Mourad, P.O. Cordova and P.O. Hoder placed the decedent in fear of imminent harmful and offensive physical contacts.

104.     Accordingly, Defendants are liable to Plaintiffs under New York state law for assault.

## EIGHTH CLAIM FOR RELIEF

*(For Battery Against the City of New York, Sgt. Mourad, P.O. Cordova and P.O. Hoder)*

105.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

106.     As described above, the actions of Sgt. Mourad, P.O. Cordova and P.O. Hoder constituted non-consensual offensive physical contacts which injured the decedent.

107.     Accordingly, Defendants are liable to Plaintiffs under New York state law for battery

## NINTH CLAIM FOR RELIEF

*(For Negligent Performance of Duties Against All Defendants)*

108.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

109.     The individual police officers and emergency service technicians, acting within the scope of their employment, negligently discharged their duties and thereby caused the decedent to sustain the injuries and deprivations aforementioned.

110.     Defendants Sgt. Mourad and P.O. Cordova breached a duty of care owed to the decedent by negligently firing their weapons at the decedent in a manner that was unreasonable under the circumstances and negligent.

111.     Defendants Sgt. Mourad and P.O. Cordova breached a duty of care owed to the decedent by not providing, interfering with, and/or delaying medical treatment to the decedent in a manner that was unreasonable under the circumstances and negligent.

112.     Defendants P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin breached a duty of care owed to the decedent by not providing, interfering with, and/or delaying medical treatment for his grave injuries in a manner that was unreasonable under the circumstances and negligent.

113. Defendants Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair, and Pierre breached a duty of care owed to the decedent by not providing the decedent with timely and proper medical care for his grave injuries in a manner that was unreasonable under the circumstances and negligent.

114. Accordingly Defendants are liable to Plaintiffs under New York state law for negligence.

## TENTH CLAIM FOR RELIEF

*(For Negligent Hiring, Training, Supervision and Retention of Incompetent Personnel Against the City of New York)*

115. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

116. Defendant City of New York hired Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin, and Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair, and Pierre despite being aware that these individuals were unfit, incompetent and unable to discharge their official responsibilities.

117. Defendant City of New York did not train Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin, and Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair, and Pierre despite being aware that these individuals were unfit, incompetent and unable to discharge their official responsibilities.

118. Defendant City of New York did not adequately supervise Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin, and Emergency Medical Technicians Jones, Griffith,

Watkins, St. Clair, and Pierre despite being aware that these individuals were unfit, incompetent and unable to discharge their official responsibilities.

119.     Defendant City of New York retained Defendants Sgt. Mourad, P.O. Cordova, P.O. Hoder, Sgt. Santiago, Lt. Oritz, P.O. Lasapenara and P.O. Conlin, and Emergency Medical Technicians Jones, Griffith, Watkins, St. Clair, and Pierre despite being aware that these individuals were unfit, incompetent and unable to discharge their official responsibilities.

120.     Accordingly Defendant City of New York is liable to Plaintiffs for negligent hiring, training, supervision and retention of incompetent personnel.

## ELEVENTH CLAIM FOR RELIEF

*(For Negligent Infliction of Emotional Distress Against the City of New York, Sgt. Mourad, P.O. Cordova, Sgt. Santiago and P.O. Hoder)*

121.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

122.     Defendants City of New York, Sgt. Mourad, P.O. Cardova, P.O. Hoder, and Sgt. Santiago negligently inflicted emotional harm upon the decedent.

123.     The Defendants' actions against the decedent were extreme and outrageous and caused the decedent severe emotional distress.

124.     Defendants City of New York, Sgt. Mourad, P.O. Cardova, P.O. Hoder, and Sgt. Santiago breached a duty owed to the decedent that either unreasonably endangered the decedent's physical safety, or caused the decedent to fear for his own safety.

125. Accordingly City of New York, Sgt. Mourad, P.O. Cardova, P.O. Hoder, and Sgt. Santiago are liable to Plaintiffs under New York state law for negligent infliction of emotional distress upon the decedent.

## TWELFTH CLAIM FOR RELIEF

*(For Intentional Infliction of Emotional Distress Against the City of New York, Sgt. Mourad, P.O. Cordova, Sgt. Santiago and P.O. Hoder)*

126. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

127. Defendants City of New York, Sgt. Mourad, P.O. Cordova, P.O. Hoder, and Sgt. Santiago intentionally inflicted emotional harm upon the decedent.

128. The Defendants' actions against the decedent were extreme and outrageous and caused the decedent severe emotional distress.

129. Accordingly City of New York, Sgt. Mourad, P.O. Cordova, P.O. Hoder, and Sgt. Santiago are liable to Plaintiffs for intentional infliction of emotional distress upon the decedent.

## THIRTEENTH CLAIM FOR RELIEF

*(Repondeat Superior)*

130. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

131. The individual defendants were acting within the scope of their employment as New York City police officers and emergency service technicians when they committed the above described acts against the decedent.

132.     The City of New York is therefore vicariously liable for the torts pled in the fourth through twelfth claims for relief.

**WHEREFORE**, Plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.     Such other and further relief as this Court may deem just and proper.

Dated:     Brooklyn, New York
           December 4, 2014

Kenneth J. Montgomery PLLC
*Attorney for Plaintiffs*
198 Rogers Avenue
Brooklyn, New York 11225
(718) 403-9261
By:

_____s/_____
Kenneth J. Montgomery, Esq.

Michael O. Hueston, Esq.
*Attorney for Plaintiffs*
16 Court Street, Ste. 3301
Brooklyn, New York 11241

Victor A. Dunlop, Esq.
Dunlop & Associates
*Attorney for Plaintiffs*
198 Rogers Avenue
Brooklyn, New York 11225