UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

CAROL GRAY and MAHNEFAH GRAY as Co-Administrators of the ESTATE OF KIMANI GEBARRIE GRAY,

                        Plaintiffs,

- against -

THE CITY OF NEW YORK, et al.,

                        Defendants.

<u>ORDER</u>

14-CV-02488 (MKB)(MDG)

- - - - - - - - - - - - - - - - - - -X

This order concerns a subpoena served on:

        TISHANA KING.

- - - - - - - - - - - - - - - - - - -X

    Paul Johnson, counsel for defendants, has moved by letter application dated March 2, 2016 to compel TISHANA KING (the "deponent") to comply with a subpoena requiring her to produce documents and testify at a deposition.  As set forth in Mr. Johnson's letter, deponent failed to appear on the date set forth in a subpoena served upon him.

    Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena.  Fed. R. Civ. P.

45(a)(3).  Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served.  See, e.g., Advisory Committee Notes, 1991 Amendment to Fed. R. Civ. P. 45; <u>Board of Govenors of Federal Reserve System v. Pharaon</u>, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued.  Fed. R. Civ. P. 45(e); <u>see also Daval Steel Products v. M/V Fakredine</u>, 951 F.2d 1357, 1364 (2d Cir. 1991) Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena.  <u>See</u> David D. Siegel, Fed. R. Civ. P. 45, <u>Practice Commentaries</u>, C45-26.

Having examined the subpoena and affidavit of service, the Court finds that the subpoena in question appears to be valid and properly served upon the deponent.  However, the defendants must allow the deponent a reasonable time to comply.

## **CONCLUSION**

The deponent, TISHANA KING, is hereby ORDERED to comply with the subpoena.  She must <u>immediately</u> contact Mr. Johnson to arrange for a mutually convenient date for her to appear to produce documents requested by the subpoena and to give

testimony.  Deponent must call Mr. Johnson by <u>March 11, 2016</u> and appear for a deposition to be held on or before <u>March 25, 2016</u>. **Ms. King is warned that if she fails to comply with this order, she could be subject to contempt proceedings for failure to respond to the subpoena and this order.  If found to be in contempt of the subpoena or this order, she could be subject to sanctions, including imposition of a monetary fine, attorneys fees and costs.  If the failure to comply continues, the court could issue a warrant of arrest for failure to comply with a court order.**

    **Defendants are directed to serve a copy of this order by overnight mail upon the deponent.**

    **SO ORDERED.**

Dated:    Brooklyn, New York
           March 4, 2016

                                        /s/_____
                                        MARILYN DOLAN GO
                                        UNITED STATES MAGISTRATE JUDGE