# United States District Court
## Eastern District of New York

### MINUTE ORDER
### 14cv2488 (MKB)(MDG) Gray, et al. v. City of New York, et al.,

This order summarizes and supplements rulings made on the record during a conference held on March 30, 2016.  Defendants' [90] motion to compel is denied as discussed below.

1.  Defendants seek an order that no attorney-client privilege attaches to shield communications made at an initial meeting between non-party Jaquan Fraser and his attorney, Anthony Ricco.  Bringing the motion as one to compel, defendants submitted selected pages from the transcript of the deposition of Mr. Ricco, during which Mr. Ricco refused to answer certain questions on the basis of the attorney-client privilege.  None of the parties provided an affidavit from Mr. Ricco, but, at the Court's invitation, Mr. Ricco participated at the discovery hearing and made statements, as an officer of the Court, regarding the circumstances surrounding the interview of Mr. Fraser by the Kings County District Attorneys' Office.  As all counsel agree, prior to the interview, Mr. Ricco was driven by Kevin Hinkson, plaintiffs' investigator, to meet with Jacquan Fraser and his grandmother at their residence.

2.  "The attorney-client privilege forbids an attorney from disclosing confidential communications obtained from the client during the course of professional consultations."  U.S. v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995).  "The burden of establishing the existence of the attorney-client privilege, in all of its elements, rests with the party asserting it."  In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000).

3.  Defendants contend that no attorney-client relationship was established between Mr. Fraser and Mr. Ricco.  As this Court noted at the hearing, "[i]t is well-settled that preliminary discussion between a witness and an attorney can be privileged even if the

witness does not retain the attorney."  United States v. Devery, 1995 WL 217529, at *5 (S.D.N.Y. 1995); see Fierro v. Gallucci, 2007 WL 4287707, at *6 (E.D.N.Y. 2007).  The key to "whether an attorney/client relationship existed is the intent of the client and whether he reasonably understood the conference to be confidential." United States v. Dennis, 843 F.2d 652, 657 (2d Cir. 1988).

4.  The Court credits Mr. Ricco's statements at his deposition that Mr. Frazer, then a minor, and his grandmother, agreed at their initial meeting to have Mr. Ricco represent Mr. Fraser in connection with a grand jury investigation into the shooting of Kimani Gray. See Transcript of Deposition of Anthony Ricco (ct. doc. 94-1) at 28.

5.  Defendants further argue that any attorney-client privilege created was waived because Mr. Hinkson was present in the room when Mr. Ricco met Jaquan Fraser and his grandmother.  Communications in the presence of a third party are not privileged because communications between attorney and client must be made in confidence and have been maintained in confidence.  See U.S. v. Mejia, 655 F.3d 126, 134 (2d Cir. 2011).

6.  The defendants point to the transcript of Mr. Ricco's deposition in arguing that Mr. Hinkson was present when Mr. Ricco met with Jaquan Fraser.  However, the excerpts merely establish that Mr. Hinkson was with Mr. Ricco when they arrived at the Fraser apartment.  The questioner apparently assumed that Mr. Hinkson remained with Mr. Ricco after the two men entered the apartment until the time the two left.  It is possible, in a hurried and hasty review, to infer from the few questions asked and answers given that Mr. Hinkson remained in the same room with Mr. Ricco.  However, Mr. Ricco denied that was the case; there simply were no questions regarding where Mr. Hinkson, Mr. Ricco and Mr. Fraser were when Mr. Ricco began meeting with Mr. Fraser and his grandmother.  As Mr. Ricco made clear at the motion hearing, he sat with Mr. Fraser and his grandmother in the living room during the meeting, while Mr. Hinkson and two other people in the apartment were in the dining

room.  See Transcript of 3/30/16 Hearing (ct. doc. 98) at 5, 8-10, 19.  Mr. Ricco also stated he explained to Mr. Frazer and his grandmother that their conversation was confidential and that was the reason they were speaking outside the presence of others who were in the apartment.  See id. at 11, 17-18.  Notably, other than refusing on privilege grounds to answer questions regarding the substance of his conversation with Mr. Fraser, Mr. Ricco gave responsive and straightforward answers to the questions posed at his deposition.  Defendants did not seek to probe further to elicit the reasons for Mr. Ricco's assertion of privilege, and have provided no reason to the Court to discredit Mr. Ricco's now fuller explanation of the circumstances surrounding his initial meeting with Mr. Fraser.  Further, Mr. Ricco confirmed that he did not disclose the substance of the conversation with Mr. Fraser to Mr. Hinkson.  See id. at 6.

7.  This Court finds that Mr. Ricco has established the applicability of the attorney-client privilege to protect communications with his client, Jaquan Fraser, at their initial meeting.  The purpose of the conversation was for Mr. Ricco to provide Mr. Fraser with legal advice and it was intended to be, and in fact, was kept confidential.  The fact that Mr. Ricco offered his services to Mr. Fraser rather than Mr. Fraser seeking out Mr. Ricco is irrelevant to whether an attorney-client relationship existed.

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 18, 2016


                                        _/s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE